**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: NUBIAN QUEEN HOOVER,  Debtor. | Case No. 18-32452 (KLP) Chapter 7 |
| PETER J. BARRETT, TRUSTEE,  Movant, v. TOMMY P. FARLEY, JR.,  Respondent. | Contested Matter |

**MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY**

Peter J. Barrett, Trustee for the Bankruptcy Estate of Nubian Queen Hoover (the "Trustee"), by counsel, moves the Court for entry of an order finding that Tommy P. Farley, Jr., ("Mr. Farley") is in violation of the automatic stay pursuant to 11 U.S.C. § 362(k) (the "Motion"), and in support thereof, states:

**BACKGROUND**

1.  On May 9, 2018, Nubian Queen Hoover (the "Debtor") filed for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. On September 11, 2018, this case was converted to one under Chapter 7 of the Bankruptcy Code.

3. The Trustee is the duly appointed Chapter 7 Trustee and continues to serve in that capacity.

4. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

5. The Court has subject matter and personal jurisdiction over all parties in interest pursuant to 28 U.S.C. § 1334.

6. The Debtor's bankruptcy estate is the current owner of a one-half interest in certain real property located at 335 McFayden Dr., Fayetteville, North Carolina (the "NC Property").

7. The Debtor's bankruptcy estate is also the current owner of a one-half interest in certain personal property in the form of a 2013 Nissan Titan, (the "Truck" and collectively with the NC Property, the "Property").

8. The Trustee made Demand upon Mr. Farley for immediate payment for the value of the Debtor's interests in the Property, together with other related documents. Upon information and belief, Mr. Farley, the Debtor's estranged husband, currently has possession and is using and resides in the Property and has refused to vacate the Property. The Trustee is seeking to have Mr. Farley remit the demanded payment, vacate and surrender the Property immediately, or have this Court impose sanctions for violation of the automatic stay.

9. The ramifications of Mr. Farley's actions have previously been conveyed to him. Despite such warnings, Mr. Farley refuses to respond to the Trustee's demand.

## VIOLATION OF THE AUTOMATIC STAY

10. The Property constitutes property of the estate pursuant to 11 U.S.C. § 541. Section 362(a)(3) prohibits any party from attempting to exercise control over property of the estate. The Trustee has made Demand and provided ample opportunity for Mr. Farley to respond. Despite such requests, Mr. Farley continues to exercise control over the Property and assert that he is the sole owner of the Property. Mr. Farley's interest in the Property is subject to the one-half interest held by the bankruptcy estate. Mr. Farley's interest does not grant him exclusive ownership and possession of the Property.

11. Mr. Farley's failure to turn over control of the Property to the Trustee is an act to exercise possession or control of property of the estate in violation of the automatic stay. *See* 11 U.S.C. § 362(a)(3). At this point, Mr. Farley's violations of the automatic stay are willful. Accordingly, the Trustee is entitled to recover actual damages, including costs and attorneys' fees. *See* U.S.C. § 362(k). In this case, the Trustee has incurred attorneys' fees and seeks recovery of such fees in an amount to be established at the hearing on this matter.

12. To the extent Mr. Farley does not voluntarily remit the payment as demanded or vacate and surrender the Property, the Trustee will also incur fees in connection with arranging for the sale of the Property to a third party. The Trustee is entitled to recover from Mr. Farley, on behalf of the Debtor's estate, any fees incurred as a result thereof. Therefore, to the extent Mr. Farley does not voluntarily remit the payment as demanded or vacate and surrender the Property, the Trustee seeks fees and expenses pursuant to section 362(k) of the Bankruptcy Code.

**WHEREFORE**, the Trustee requests the Court enter an order: (i) compelling Mr. Farley to immediately turn over the Property to the Trustee, or, if Mr. Farley refuses, awarding the

4830-5484-6842.2

Trustee fees and costs, including reasonable attorneys' fees, in connection with this matter; and

(ii) awarding any further relief the Court deems proper.

                                                **PETER J. BARRETT, TRUSTEE**

                                                By:  /s/ Brian H. Richardson
                                                         Counsel

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Brian H. Richardson (VSB No. 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Brian.Richardson@kutakrock.com
 *Counsel for Peter J. Barrett, Trustee*

## CERTIFICATE OF SERVICE

      Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that on December 18, 2018, I served a true copy of this document by ECF and/or overnight mail on all necessary parties, as follows:

| | |
|---|---|
| Keith A. Pagano<br>Pagano & Marks, P.C.<br>4510 S. Laburnum Ave<br>Richmond, VA 23231<br>Email: kpagano@paganomarks.com<br>*Counsel for the Debtor* | Mr. Tommy P. Farley, Jr.<br>335 McFayden Dr.<br>Fayetteville, NC 28314<br>*Respondent* |
| Nubian Queen Hoover<br>P.O. Box 262<br>Fort Belvoir, VA 22060<br>*Debtor* | John P. Fitzgerald, III<br>Office of the United States Trustee<br>701 E. Broad Street, Ste. 4304<br>Richmond, VA 23219 |

                                                          /s/ Brian H. Richardson
                                                                   Counsel

4830-5484-6842.2